## KINSMAN v. TUCKER.

September 19, 1840.

*Rule to show cause why proceedings should not stay.*

1. Where a commission issues to take the testimony of distant witnesses, to be taken altogether at the instance of and for the use of the party issuing the commission, he pays the whole expense of its execution in the beginning, although the opposite party files cross interrogatories and names a commissioner.

2. Where the opposite party joins in the commission, that is to say, to have taken as well the depositions of witnesses on his behalf as on the part of his adversary, the expense must be equally borne by each party.

ACTION to March term, 1839, No. 96. The defendant entered a rule for a commission to take the depositions of witnesses at New York, filed interrogatories and named a commissioner. The plaintiff filed cross interrogatories and named a commissioner. The commission issued and was executed in New York by both commissioners, but it remained in the hands of plaintiff's commissioner, who claimed his fees from the defendant, who refused to pay them, alleging that the plaintiff was bound to pay the fees of the commissioner named by him.

The defendant thereupon obtained a rule to show cause why proceedings in the suit should not stay until the plaintiff should pay the fees of the commissioner named by him.

*Graham*, for rule, cited 1 *Salk.* 330; *Carth.* 208; *Troubat & Haly* 314.

*Meredith* referred to the rules laid down in *Harrison's Ch. Practice.*

PER CURIAM.—The practice on this subject, as derived from proceedings in chancery, is, that where the commission to take

[Kinsman v. Tucker.]

the testimony is *ex parte*, that is, where the testimony to be taken is altogether at the instance of and for the use of the party issuing the commission, he pays the whole expense in the beginning, even although the opposite party should file cross interrogatories and name a commissioner. Where the opposite party joins in the commission, that is to say, to have taken as well the depositions of witnesses on his behalf as on the part of his adversary, the expense must be equally borne by each party.

Rule discharged.